UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ESTATES OF CHARLES C. HASELWOOD and JOANNE L. HASELWOOD, | |
| Plaintiffs, | No. 10-5464-RBL |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS [Dkt. #15] |
| Defendant. | |

THIS MATTER comes before the Court on Defendant Chicago Title Insurance Company's Motion to Dismiss [Dkt. #15] under Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiffs' insurance coverage claims are barred by a statute of limitations.

## I.    FACTS

Joanne and Charles Haselwood (together "Haselwood") loaned money to Bremerton Ice Arena, Inc., in 2002 to construct an ice area. The loan was secured by a deed of trust. Haselwood also purchased a title insurance policy from Chicago Title Insurance Company (CTIC) to finance the loan.

In 2003, Bremerton Ice Arena stopped making payments to its lenders. On July 16, 2003, RV Associates, Inc., a contractor on the project, filed a lien for materials and services against the arena property. On November 6, 2003, Haselwood filed a suit against Bremerton Ice Arena, RV

Associates, and other parties, to foreclose its deed of trust. On February 3, 2004, RV Associates asserted a counterclaim that its lien had priority over Haselwood's deed of trust.

On April 24, 2007, Haselwood sent a letter to CTIC regarding the foreclosure action. According to Haselwood, CITC did not acknowledge receipt of Haselwood's claim until May 9, 2007. On November 5, 2009, CTIC sent Haselwood a letter denying that it had a duty to defend or indemnify Haselwood.

On June 21, 2010, Haselwood sued CTIC, alleging that CTIC had wrongfully denied them coverage. CTIC moves to dismiss the action, arguing that Haselwood's claims are time-barred. [Dkt. #15]. CTIC argues that Haselwood's claims accrued when Haselwood became aware of RV Associate's counterclaim in 2003, and are therefore barred by the six-year limitations period for contract actions, which expired in 2009. It also argues that the three-year limitations period for tort actions expired in 2006. Haselwood contends that his claim did not accrue until 2009, when CTIC denied coverage. He argues that the contract and tort statutes of limitations have therefore not yet expired.

At issue is when Haselwood's insurance claim accrued.

## II.  STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled

facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

### III. DISCUSSION

CTIC argues that Haselwood's claim accrued in 2003 when Haselwood was notified of RV Associates's counterclaim in the foreclosure action. Haselwood argues that the claim accrued in 2009 when CTIC denied coverage.

An insurance claim does not accrue until the insurer actually breaches the insurance policy. *See Schwindt v. Commonwealth Ins. Co.*, 140 Wash. 2d. 348, 349, 997 P.2 353 (2000); *Safeco Ins. Co. v. Barcom*, 112 Wn.2d 575, 583, 773 P.2d 56 (1989); *Bush v. Safeco Ins. Co.*, 23 Wn. App. 327, 596, P.2d 1357 (1979). Therefore, accepting all factual allegations asserted in the Complaint as true, Haselwood's claim accrued in 2009. Because Haselwood brought this action against CTIC in 2010, the claim was timely filed.

CTIC relies on *Schwindt* for the proposition that a contract action accrues "when a party has a right to apply to court for relief." *Schwindt*, 140 Wn.2d at 356. But CTIC misapplies that language to this case; Haselwood could not seek relief for insurance denial before he was actually denied insurance.

### IV.    CONCLUSION

Because Haselwood's claim accrued in 2009, neither the three-year tort action nor the six-year contract action statutes of limitations have expired. CTIC's Motion to Dismiss [Dkt. #15] pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE